UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCHWARTZ,

       Plaintiff,                        No. 14-11587

v.                                       District Judge Matthew F. Leitman
                                          Magistrate Judge R. Steven Whalen

ROBERT WOODWARD,,
RYAN HILL,

       Defendants.
                                    /

**ORDER**

On June 16, 2015, I granted Plaintiff's motion to compel discovery, and pursuant to Fed.R.Civ.P. 37(a)(5)(A), ordered Defendant's counsel to pay Plaintiff's counsel $500.00, "representing reasonable expenses and attorney's fees incurred in making [the] motion" [Doc. #32]. Defendant' counsel has now filed a motion for relief from that order under Fed.R.Civ.P. 60 [Doc. #38].

Fed.R.Civ.P. 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

The only subsection that arguably applies is Rule 60(b)(6). "The residual clause of Rule 60(b)(6) should form the basis for relief from judgment 'only in exceptional or extraordinary circumstances which are not addressed by the first five clauses of the Rule.'" *Lewis v. Alexander*, 987 F.2d 392, 395 -396 (6th Cir. 1993), quoting *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). Defense counsel has not shown extraordinary circumstances. I granted the Plaintiff's motion to compel. Fed.R.Civ.P. 37(a)(5)(A) states:

**(5)** *Payment of Expenses; Protective Orders.*

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. (Emphasis added).

This Rule provides for only three exceptions to the mandatory imposition of sanctions on a losing party:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

None of these exceptions applies, and nothing in defense counsel's motions support a finding of extraordinary circumstances that would justify granting a Rule 60(b)(6) motion. I note, in fact, that Defendants failed to respond to the original motion to compel.[1] It is too late in the day for Defendant's counsel to now raise arguments that could have been, but were not raised in response to the original motion. Those arguments have been waived.

Therefore, Defendant's counsel's motion from relief from order [Doc. #38] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 9, 2015

---

[1] My order [Doc. #35] stated, at p. 1:

"Defendants have not responded to this motion, although the time for them to do so has passed. It is therefore uncontested that Defendants have not complied with my order of May 12, 2015, which required them to produce the following documents and information...."

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 9, 2015, electronically and/or by U.S. mail.

                                                    s/Carolyn M. Ciesla
                                                  Case Manager to the
                                                  Honorable R. Steven Whalen